UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

ARTUR SORVANDOV,

Petitioner,

v.

WARDEN, OTAY MESA DETENTION CENTER; FIELD OFFICE DIRECTOR, IMMIGRATION CUSTOMS ENFORCEMENT SAN DIEGO,

Respondent.

Case No.: 3:26-cv-1339-JES-BJW

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

**[ECF No. 1]**

Before the Court is Petitioner Artur Sorvandov's Petition for Writ of Habeas Corpus, pursuant to 28 U.S.C. § 2241 ("Petition"). ECF No. 1, ("Pet."). Since he entered the country on August 14, 2025, Petitioner has been detained by Respondents (the "Government"). Pet. at 6. Although he has received a positive credible fear determination, Respondents have not provided him with a bond hearing. *Id*. Petitioner seeks habeas relief from the Court as he argues that his prolonged detention violates his due process rights. *Id*. at 6-7.

1

## I.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A court may grant a writ of habeas corpus to a petitioner who demonstrates to be in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Traditionally, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, challenges to immigration-related detention are within the purview of a district court's habeas jurisdiction. *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001); *see also Demore v. Kim*, 538 U.S. 510, 517 (2003).

## II.    DISCUSSION

Pursuant to the Court's Order to Show Cause (ECF No. 2.), Respondents filed a Response. ECF No. 6, ("Res."). In the Response, the Government maintains that Petitioner is subject to mandatory detention under 8 U.S.C. § ("Section") 1225(b) but also expresses its non-opposition to the Court ordering a bond hearing in this matter. Res. at 1-2.

The Court finds that this issue has been addressed by the undersigned in a recent decision, *Sandesh v. LaRose*, No. 26-CV-0846-JES-DDL, 2026 WL 622690, at \*1-6 (S.D. Cal. Mar. 5, 2026). Therefore, the Court elects to follow the reasoning it stated in *Sandesh* and incorporates it by reference. *Id*.

Based on the facts of this Petition, the Court makes the following findings: (1) Petitioner is appropriately detained under Section 1225(b); (2) Petitioner's detention of over seven months, under Section 1225(b), has become unreasonable and due process requires the Government to provide him with an individualized bond hearing; and (3) it is appropriate to continue to apply the standard set forth in *Singh* for bond hearings for noncitizens that are similarly situated as Petitioner. *Singh v. Holder*, 638 F.3d 1196, 1200

(9th Cir. 2011); *Banda v. McAleenan*, 385 F. Supp. 3d 1099, 1120 (W.D. Wash. 2019); *Sandesh*, 2026 WL 622690, at *5.

### III.   CONCLUSION

Accordingly, the Court **GRANTS** the Petition for Writ of Habeas Corpus and **ORDERS** as follows:

(1)   The Court **ORDERS** Respondents to provide Petitioner with an individualized bond determination hearing within **ten days** of this Order;

(2)   At the hearing, the government **SHALL BEAR** the burden of establishing by clear and convincing evidence that Petitioner is a danger to the community or a flight risk if released;

(3)   The Immigration Judge **SHALL** consider alternative conditions of release and Petitioner's ability to pay bond if he or she determines bond is appropriate.

(4)   Respondents **SHALL** make a complete record of the bond hearing available to Petitioner and his counsel;

(5)   Respondents are **ORDERED** to File a Notice of Compliance within **five days** of providing Petitioner with the bond hearing, including apprising the Court of the results of the hearing; and

(6)   The Clerk of Court is **ORDERED** to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: March 27, 2026

Honorable James E. Simmons Jr.
United States District Judge